Ronald E. MARTINDALE, 430 92 8298, Cryptological Technician Second Class (E-5), U.S. Navy, Petitioner,

v.

Hugh D. CAMPBELL, Rear Admiral Judge Advocate General, U.S. Navy, Respondent.

NMCM No. 873142 M.

U.S. Navy-Marine Corps Court of Military Review.

27 Nov. 1987.

MAJ F.F. KRIDER, USMC, Appellate Government Counsel.

CAPT MARK FOSTER, USMCR, Appellate Defense Counsel.

LT ANTHONY DOKURNO, JAGC, USNR, Appellate Defense Counsel.

## OPINION OF THE COURT ON PETITION FOR A WRIT OF MANDAMUS

GLADIS, Judge:

Petitioner, the accused/appellant in *United States v. Martindale*, NMCM No. 85 0771R, has filed a petition for extraordinary relief in the nature of mandamus to order respondent, the Judge Advocate General of the Navy, to appoint a counsel for petitioner from outside the Appellate Defense Division and to allow his current appellate defense counsel to withdraw because of an apparent conflict of interest created by the assignment of the former trial judge in petitioner's case to be Director of the Appellate Defense Division.[1] We find no merit in the petition and deny it.

We previously affirmed the findings of guilty in *United States v. Martindale*, No. 85 0771 (NMCMR 30 December 1985), rejecting, among other contentions, the accused's claim that the military judge committed prejudicial error by admitting the transcript of an unsworn oral statement of the alleged victim. The accused petitioned the Court of Military Appeals, which granted his petition and remanded the case to us for further consideration in light of a subsequent case. *United States v. Martindale*, 24 M.J. 405 (C.M.A.1987) (summary disposition).

The trial judge, who is no longer on the bench, was recently assigned to be Director of the Appellate Defense Division. Petitioner, through his appellate defense counsel, alleges that counsel has an apparent conflict of interest because his current superior was, in a previous assignment, the trial judge who made the ruling he con-

tends is erroneous. *Cf. United States v. Davis*, 20 M.J. 61 (C.M.A.1985); *United States v. Nicholson*, 15 M.J. 436 (C.M.A. 1983). He asks this Court to grant the relief he has been denied by the Officer–in–Charge, Navy–Marine Corps Appellate Review Activity.

Upon reporting to the Appellate Defense Division, the current Director disqualified himself from participating in the cases in which he had served as trial judge, from supervising counsel in those cases, or from reporting on counsel's involvement in those cases. He screened himself from being advised of the outcome of these cases and exhorted counsel to defend their clients' interests to the utmost of their abilities. Appellate defense counsel does not believe that the Director would do anything improper to impinge upon his zealous representation of petitioner. Nevertheless, citing Rule 1.7(b), ABA Model Rules of Professional Conduct, counsel argues that he cannot waive the apparent conflict of interest because petitioner has refused to consent to further representation by anyone in the Appellate Defense Division. After full consultation with counsel, petitioner has directed counsel to withdraw and obtain substitute counsel from outside the Appellate Defense Division.

Article 70, Uniform Code of Military Justice, 10 U.S.C. section 870, provides that

(a) The Judge Advocate General shall detail in his office one or more commissioned officers as appellate Government counsel, and one or more commissioned officers as appellate defense counsel, who are qualified under section 827(b)(1) of this title (article 27(b)(1)).

. . .

(c) Appellate defense counsel shall represent the accused before the Court of Military Review, the Court of Military Appeals, or the Supreme Court—

(1) when requested by the accused;

---

1. The Navy–Marine Corps Appellate Review Activity in the Office of the Judge Advocate General is composed, *inter alia*, of an Appellate De-

fense Division and an Appellate Government Division. The Division Directors report to the Activity's Officer–in–Charge.

(2) when the United States is represented by counsel; or

(3) when the Judge Advocate General has sent the case to the Court of Military Appeals.

(d) The accused has the right to be represented before the Court of Military Review, the Court of Military Appeals, or the Supreme Court by civilian counsel if provided by him.

The accused has no right to select appellate defense counsel. Under some circumstances, however, he may be entitled to request that detailed appellate defense counsel be replaced by another appellate defense counsel. *Discussion,* Rule for Courts–Martial 1202, Manual for Courts–Martial, United States, 1984. *See United States v. Bell,* 11 U.S.C.M.A. 306, 29 C.M.R. 122 (1960). A conflict of interest could be such a circumstance.

Rule 1.7(b), ABA Model Rules of Professional Conduct, provides that

A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

The Judge Advocate General of the Navy adopted this rule in promulgating Rules of Professional Conduct for judge advocates of the Navy and Marine Corps.[2]

The forerunner of ABA Rule 1.7, Disciplinary Rule 5–101(A) of the ABA Code of Professional Responsibility, similarly provided:

Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.

The ABA Standing Committee on Ethics and Professional Responsibility, in its Informal Opinion No. 1474 (1982), concluded the ethical requirements that a lawyer must provide zealous representation and give unswerving loyalty to a client free from any influence that might weigh against that fidelity clearly are violated where a military lawyer's opposing counsel is an officer who prepares his efficiency reports or otherwise exercises command authority over him, unless the client has consented after full disclosure. Finding an inherent conflict between zealously representing a client and conducting oneself in a manner calculated to win approval and favor of the officer exercising command authority, the Committee also concluded that a military lawyer should avoid whenever practicable representing a client in an investigative or military magistrate proceeding before an officer exercising command authority over the lawyer.

Relying on the Informal Opinion and the Disciplinary Rule, the Court of Military Appeals expressed concern about the prosecutor being defense counsel's military superior in *United States v. Nicholson, supra,* and, in *United States v. Davis, supra,* found error, but not prejudice, where the Article 32 investigating officer was defense counsel's military superior and defense counsel unsuccessfully objected. In *Nicholson,* the Court observed that neither an accused nor the public will have confidence in the integrity of military justice when there is reasonable suspicion that defense counsel may be consciously or subconsciously inhibited in performing his duties because he fears incurring the displeasure of the prosecutor who rates him for promotion.

2. *See* Rule 1.7(b), JAGINST 5803.1 (RULES OF PROFESSIONAL CONDUCT) of 26 October 1987, effective 11 November 1987.

**758**

The issue in this case is whether appellate defense counsel's representation of respondent may be materially limited by counsel's own interests because his current military superior is the former trial judge in the case from whose ruling he is appealing. If his representation will not be materially limited, there is no conflict of interest and petitioner is not entitled to appointment of another counsel, even though petitioner may subjectively perceive a conflict. Appellate defense counsel's sensitivity to the ethical considerations involved and his full disclosure to his client are commendable. Under the circumstances of this case, however, we find no conflict. There is no risk that counsel's representation may be materially limited by his own interests in this case. This is not a case in which defense counsel is appearing against or before a military superior as counsel in *Nicholson* and *Davis* did. This is not a case in which counsel contends that he might be inhibited in the performance of his duties by the alleged conflict as counsel in *Davis* did. The military superior has totally screened himself from any involvement in this case.

Reassignment of military judges to other duties is common. In the civilian sphere, screening a lawyer who is disqualified because he participated in a matter as a judge from any participation in the matter in his new role is considered adequate to avoid a conflict of interest. *See* Rule 1.12, ABA Model Rules of Professional Conduct. We find no reasonable ground to believe that under the circumstances of this case appellate defense counsel may be consciously or subconsciously inhibited in performing his duties because he fears incurring the displeasure of his military superior who was the former trial judge from whose ruling he is appealing. There is no danger in a case such as this, where defense counsel is not inhibited and the superior has screened himself, that public confidence in military justice will be undermined. Therefore, we conclude that there is no conflict of interest in this case. Consequently, petitioner is not entitled to assignment of another counsel.[3] The petition for extraordinary relief is denied.

Chief Judge BYRNE and Judge COUGHLIN concur.

---

3. If, after being advised of the Court's conclusion that there is no conflict of interest and, consequently, that he is not entitled to assignment of appellate defense counsel from outside the Appellate Defense Division, petitioner persists in his desire not to be represented by his appointed appellate defense counsel and so advises the Court, we shall authorize appointed counsel to withdraw, but shall not require different military counsel to be made available. In that event petitioner must either obtain civilian counsel at his expense or represent himself. *See United States v. Bell, supra.*